# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| **MARGIN BROWN,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| **DDRTC CREEKS AT VIRGINIA CENTER LLC** ) | |
| ) | |
| and ) | **Case No.: 3:24-cv-704** |
| ) | |
| **CBRE, INC.** ) | |
| ) | |
| and ) | |
| ) | |
| **CBRE GROUP, INC.** ) | |
| ) | |
| and ) | |
| ) | |
| **MICHAELS STORES, INC.,** ) | |
| ) | |
| *Defendants.* ) | |

## NOTICE OF REMOVAL

Defendant, Michaels Stores, Inc. ("Defendant"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court for the City of Richmond to the United States District Court for the Eastern District of Virginia, Richmond Division. As addressed below, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties, and it is plain from the face of the Complaint that the plaintiff, Margit Brown ("Plaintiff"), demands more than $75,000, exclusive of interest and costs, for her alleged injury. In further support of this Removal, Defendant states as follows:

## INTRODUCTION

1. Plaintiff initiated the instant action by filing a complaint in the Circuit Court for the City of Richmond on August 29, 2024,[1] against Defendant. The state court action was assigned case number CL24003733-00.

2. Plaintiff's complaint alleges negligence stemming from an incident on August 29, 2022, in which Plaintiff alleges she sustained personal injury after a railing outside the Michaels Arts & Crafts store located in Glen Allen, VA, fell on her while she was making a delivery.

## GROUNDS FOR REMOVAL

I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION.

A. <u>Removal is Timely and the Amount in Controversy Exceeds $75,000.</u>

3. Removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant's Notice of Removal was made within thirty (30) days after service of the Summons and Complaint upon it. Defendant was served with the Summons and Complaint on September 4, 2024.

4. The Complaint requests judgment in an amount of $2,000,000.00. (Compl., ad damnum clause.) Accordingly, the amount in controversy exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

B. <u>There is Complete Diversity Among the Parties.</u>

5. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Plaintiff was and still is a resident, citizen and domicile of the Commonwealth of Virginia.

---

[1] "A case is commenced in the Commonwealth of Virginia when it is filed with the court." *Culkin v. CNH Am., LLC*, 598 F. Supp. 2d 758, 760 (E.D. Va. 2009).

6. For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

7. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Defendant was and still is a Delaware corporation with its principal place of business in Irving, Texas, and, thus, was and still is a citizen of the States of Delaware and Texas for purposes of determining diversity.

8. Upon information and belief, at all times relevant hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, co-defendant CBRE, Inc., was and still is a Delaware corporation with its principal place of business in Dallas, Texas, and, thus, was and still is a citizen of the States of Delaware and Texas for purposes of determining diversity.

9. Upon information and belief, at all times relevant hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, co-defendant CBRE Group, Inc., was and still is a Delaware corporation with its principal place of business in Dallas, Texas, and, thus, was and still is a citizen of the States of Delaware and Texas for purposes of determining diversity.

10. For purposes of diversity of citizenship, "the citizenship of a limited liability company depends not on the state in which it is organized or the state in which it does most of its business, but rather on the citizenship of the entities that own the LLC". *Muhlenbeck v. Ki, LLC*, 304 F. Supp. 2d 797, 802 (E.D. Va. 2004); *Fenton v. Food Lion, Inc.*, CIVIL ACTION NO. 3:02CV00017, 2002 U.S. Dist. LEXIS 15879, at *7 n.6 (W.D. Va. Aug. 23, 2002) ("It is the citizenship of the members of the organization, therefore, that will determine a limited liability

company's citizenship; neither the state where the entity was formed nor the location of its principal place of business is relevant"). Where a limited liability company has as one of its members, another limited liability company, the citizenship must be traced through however many layers of unincorporated associations there may be to determine the citizenship of the company. S*ee Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022) ("Because Newmark is an LLC, wholly owned by another LLC, wholly owned by a limited partnership, a partner of which is another limited partnership, we necessarily trace Newmark's citizenship through these layered entities"); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[T]he citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)).

11. Upon information and belief, at all times relevant hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, co-defendant DDRTC Creeks at Virginia Center, LLC was and still is a Delaware limited liability company whose member(s) include one or more limited liability companies, none of whom are Virginia entities. Upon information and belief, the ultimate parent company for purposes of determining diversity is not a Virginia entity. Upon information and belief, the ultimate parent company for purposes of determining diversity is Teachers Insurance and Annuity Association of America ("TIAA"). TIAA is a legal reserve life insurance company established under the laws of the State of New York with its principal place of business in New York. Thus, DDRTC Creeks at Virginia Center, LLC was

and still is a citizen of the State of New York and/or was not a citizen of Virginia for purposes of determining diversity.

12. Accordingly, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, there was and still is complete diversity among the parties, and removal is proper under 28 U.S.C. §§ 1332 and 1441(b).

C. <u>Venue and Other Requirements Are Satisfied.</u>

13. This Court has jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). Venue for removal is proper in this District and Division, see 28 U.S.C. § 1441(a), because this District and Division embraces the Circuit Court for the City of Richmond, the forum in which the removed action was pending. *See* 28 U.S.C. § 127(a). Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 1441(a).

14. No Defendant is a citizen of the Commonwealth of Virginia, the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

15. The undersigned hereby certifies that all defendants who have been properly joined and served join in and consent to the removal of this action.

16. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon Defendant in the original state court action as of this date are attached hereto as "**Exhibit A**."

17. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a written notice of removal with the Circuit Court for the City of Richmond, where this action was pending, a copy (without exhibits) of which is attached hereto as "**Exhibit B**". A copy of this Notice of Removal is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

18. By filing this Notice of Removal, Defendant does not waive any defenses, including without limitation, statute of limitations, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

19. If any question arises regarding the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a memorandum and oral argument in support of the position that this case is removable and conduct discovery related to the facts that support removal.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court for the City of Richmond to the United States District Court for the Eastern District of Virginia, Richmond Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

MICHAELS STORES, INC.

By:     /s/ E. Jason S. Mackey
Eli Jason S. Mackey (VSB No. 84142)
C. Stephen Setliff (VSB No. 27882)
Mitchell P. Goldstein, Esq., VSB No. 40613
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, VA 23060
Phone: (804) 377-1269
Fax: (804) 377-1289
Email: jmackey@setlifflaw.com
    ssetliff@setlifflaw.com
    mgoldstein@setlifflaw.com
*Counsel for Michaels Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October 2024, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys. To the extent the attorneys for the parties are not yet participating in the CM/ECF system, the foregoing document was duly served by mailing a copy to the following attorneys of record not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure:

>Brody H. Reid, Esq. VSB# 75343
>Reid Goodwin, PLC
>4116 Fitzhugh Avenue
>Richmond, Virginia 23230
>breid@reidgoodwin.com
>*Counsel for Plaintiff*
>
>Lindsay Powell
>Attorney at Law
>Wilson Elser Moskowitz Edelman & Dicker LLP
>8444 Westpark Drive - Suite 510
>McLean, VA 22102-5102
>lindsay.powell@wilsonelser.com
>*Cousel for Defendant DDRTC*
>
>Mathew Ross, Attorney at Law
>Wilson Elser Moskowitz Edelman & Dicker LLP
>1133 Westchester Avenue
>White Plains, NY 10604
>mathew.ross@wilsonelser.com
>*Cousel for Defendant DDRTC*
>
>James H. Revere, III
>Kalabaugh Pfund & Messersmith, P.C.
>901 Moorefield Park Drive, #200
>Richmond, VA 23236
>jh.revere@kpmlaw.com
>*Counsel for CBRE Defendants*

                                                        /s/ E. Jason S. Mackey