# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **MARGIT BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 3:24cv704 (MHL) |
| ) | |
| **DDRTC CREEKS AT** ) | |
| **VIRGINIA CENTER, LLC,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **MICHAELS STORES, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Margit Brown, by counsel and for her Complaint seeking judgment against Defendants DDRTC Creeks at Virginia Center and Michaels Stores, Inc., (collectively, "Defendants"), jointly and severally, and alleges as follows:

## JURISDICTION & VENUE

1. This Court *may have* diversity jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1332, as the Parties are citizens of different states and the amount in controversy exceeds $75,000.00.[1]

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Eastern District of Virginia.

3. Assignment to the Richmond Division of the Eastern District of Virginia is proper, pursuant to Local Rule 3(B)(4), because a substantial part of the acts and omissions giving rise to Plaintiff's claim occurred in Henrico County.

---

[1] As discussed in Plaintiff's previously filed Motion to Compel (ECF No. 12), it is presently unclear whether the parties are completely diverse in citizenship.

**PARTIES**

4. At all times relevant hereto, the Plaintiff, Margit Brown ("Plaintiff') was an invitee lawfully on the property located at 9910 Brook Road, Glen Allen, VA 23059 (herein referred to as the "Premises").

5. Upon information and belief, at all times relevant, Defendant DDRTC Creeks at Virginia Center LLC owned, operated, managed, maintained and otherwise controlled the property located at 9910 Brook Road, Glen Allen, VA 23059, including the areas behind the store (herein referred to as the "Premises").

6. Upon information and belief, at all times relevant, Defendant Michaels Stores, Inc. owned, operated, managed, maintained and otherwise controlled the Premises.

**FACTS**

7. That on or about August 29, 2022, around 8:00 a.m., the Plaintiff, Margit Brown, was injured while descending an exterior stairway behind the Michaels Store located at the Premises when a long, metal railing collapsed.

8. At all times relevant, the Corporate Defendants knew or should have known of these hazards on the Premises.

**COUNT I**
**NEGLIGENCE/NEGLIGENCE PER SE**

9. At all times relevant, the Corporate Defendants had a duty to maintain the Premises in a reasonably safe condition, to remedy any defects or dangerous conditions in a prompt and safe manner, and to warn the public of any such defects or conditions known to, or reasonably discoverable by the Corporate Defendants.

10. At all times relevant, the Corporate Defendants had a duty to ensure the walkways, stairs, and surfaces used by the public and invitees on the Premises, including the Plaintiff,

complied with the applicable building and maintenance codes.

11. That the Corporate Defendants negligently maintained the aforesaid Premises, and negligently caused, permitted and allowed to exist certain dangerous, hazardous and unsafe conditions in, on and about the aforesaid Premises, including but not limited to the concealed hazards of the railing and landing on the rear of the Premises and negligently failed to warn the Plaintiff of the dangerous, hazardous and unsafe conditions in, on and about the aforesaid Premises.

12. Upon information and belief, at all times relevant, the Premises contained several violations of applicable building and maintenance codes designed to protect the public, including the Plaintiff, from the kind of harm Plaintiff suffered.

13. That as a direct and proximate result of the negligence of the Corporate Defendants, as aforesaid, the Plaintiff was injured by the collapsing railing and the dangerous conditions and suffered the following damages: physical pain and mental anguish, past present, and that which she may be reasonably expected to suffer in the future; and associated humiliation and embarrassment; inconvenience, past, present, and that which she may be reasonably expected to suffer in the future; medical expenses, past, present, and that which she may be reasonably expected to suffer in the future; and has otherwise been damaged.

## **RELIEF REQUESTED**

WHEREFORE, the Plaintiff, Margit Brown, demands judgment against the Corporate Defendants DDRTC Creeks at Virginia Center LLC; and Michaels Stores, Inc., jointly and severally, in the sum of $2,000,000.00 (TWO MILLION DOLLARS), and interest from the date of this accident, pursuant to Virginia Code Section 8.01- 382, plus her costs expended herein.

**TRIAL BY JURY IS REQUESTED.**

Respectfully Submitted:
MARGIT BROWN



Counsel

Jonathan E. Halperin, Esq. (VSB No. 32698)
Halperin Law Center, LLC
4435 Waterfront Drive, Suite 100
Glen Allen, VA  23060
Phone: (804) 527-0100
Facsimile: (804) 597-0209 jonathan@hlc.law
*Co-Counsel for Plaintiff*

Brody H. Reid, Esq. (VSB No. 75343)
Reid Goodwin, PLC
4116 Fitzhugh Avenue
Richmond, Virginia 23230
Phone: (804) 415-7800
Facsimile: (804) 415-7560
breid@reidgoodwin.com
*Co-Counsel for Plaintiff*