IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MARGIT BROWN, | ) |
| *Plaintiff,* | ) |
| v. | ) Case No.: 3:24-cv-704 |
| DDRTC CREEKS AT VIRGINIA CENTER, LLC, | ) |
| and | ) |
| MICHAELS STORES, INC., | ) |
| *Defendants.* | ) |

**MICHAELS STORES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND CROSSCLAIM**

COMES NOW defendant Michaels Stores, Inc. ("Defendant"), by counsel, and hereby files and serves its Answer and Affirmative Defenses to the Amended Complaint of the plaintiff, Margit Brown ("Plaintiff"), in the above captioned matter, and Crossclaim against DDRTC Creeks at Virginia Center, LLC ("DDRTC"), and hereby denies each and every allegation contained in the Complaint not specifically admitted in this response and demands strict proof thereof. In response to the numbered paragraphs in the Complaint, Defendant answers as follows:

**ANSWER**

1. The allegations in Paragraph 1 state legal conclusions to which no response is required.

2. The allegations in Paragraph 2 state legal conclusions to which no response is required.

3. The allegations in Paragraph 3 state legal conclusions to which no response is required.

4. The allegations in Paragraph 4 state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore denies those allegations.

5. The allegations in Paragraph 5 are not directed at this Defendant and require no response. To the extent a response is deemed necessary, defendant admits that DDRTC owned property located at 9910 Brook Road, Glen Allen, VA 23059, and controlled, maintained and was responsible for the portion of that property, including the areas behind the store, where Plaintiff's alleged incident occurred.

6. In regard to the allegations contained in Paragraph 6, Defendant admits only that it leases property located at 9910 Brook Road, Glen Allen, VA 23059, which it operates as a Michaels branded retail store. Any remaining allegation contained in Paragraph 6 is denied.

7. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore denies those allegations.

8. Defendant denies the allegations in Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Defendant avers that it owed a duty consistent with the common and statutory laws of the Commonwealth of Virginia and denies, as worded, the allegations contained in Paragraph 9 to the extent they are inconsistent with such duty. Defendant specifically denies it owed any duty to Plaintiff where the alleged incident occurred and/or with the instruments involved in the alleged incident.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Defendant avers that it owed a duty consistent with the common and statutory laws of the Commonwealth of Virginia and denies, as worded, the allegations contained in Paragraph 10 to the extent they are inconsistent with such duty. Defendant specifically denies it owed any duty to Plaintiff where the alleged incident occurred and/or with the instruments involved in the alleged incident.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies that Plaintiff is entitled to the relief requested in the unnumbered last paragraph of the Complaint following Paragraph 13.

WHEREFORE, Defendant demands judgment against Plaintiff, dismissing the Complaint and awarding its costs of suit, attorneys' fees and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant did not commit the wrongs alleged.

### THIRD DEFENSE

Defendant did not breach any duty owed to the Plaintiff.

## FOURTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by reason of Plaintiff's contributory negligence.

## FIFTH DEFENSE

Defendant reserves the right to rely on the applicable statute of limitations.

## SIXTH DEFENSE

Any actual damages or injuries of the Plaintiff were not caused by the Defendant.

## SEVENTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## EIGHTH DEFENSE

Any injuries suffered by Plaintiff were caused solely by Plaintiff's own negligence and/or intentional conduct and not by any negligence or wrongful act or omission of Defendant or any individual acting under Defendant's direction or control.

## NINTH DEFENSE

Any injuries suffered by Plaintiff were due to her assumption of the risk.

## TENTH DEFENSE

Defendant states that any acts and/or omissions on the part of Defendant were not the cause-in-fact or proximate cause of Plaintiff's alleged injuries.

## ELEVENTH DEFENSE

The acts or negligence of persons or entities over whom Defendant had no control or right of control at the time of the alleged incident described in Plaintiff's Complaint was, or may have been, the sole proximate cause, or at least a proximately contributing cause of the alleged accident and of Plaintiff's alleged injuries, if any.

## TWELFTH DEFENSE

Defendant neither created the alleged dangerous condition nor had actual or constructive notice of the alleged dangerous condition.

## THIRTEENTH DEFENSE

Defendant did not occupy or control the portion of the premises where the alleged condition existed and where the alleged incident occurred and had no common law, statutory or contractual duty to maintain such area or condition. Defendant hereby incorporates its crossclaim herein, by reference.

Defendant reserves its right to alter, modify, revise and/ or enlarge this, its Answer, including affirmative defenses contained herein, to conform to the discovery of evidence and/ or any evidence adduced at trial of this matter.

WHEREFORE, Defendant demands judgment against Plaintiff, dismissing the Complaint and awarding its costs, attorneys' fees and such other relief as the Court deems just and proper.

TRIAL BY JURY DEMANDED

## CROSSCLAIM AGAINST DDRTC CREEKS AT VIRGINIA CENTER, LLC

COMES NOW Defendant Michaels Stores, Inc. ("Michaels"), by counsel, and for its Crossclaim against DDRTC Creeks at Virginia Center, LLC ("DDRTC"), states:

1. The plaintiff, Margit Brown ("Plaintiff"), alleges that she was injured while descending an exterior stairway behind the Michaels store located in the shopping center owner by DDRTC when a metal railing allegedly collapsed (the "Incident").

2. Michaels operates a Michaels branded retail store located at 9910 Brook Road, Glen Allen, VA 23059 (the "Store") which sits inside a shopping center that, at all material times relevant hereto, was owned by defendant DDRTC known as The Creeks at Virginia Centre.

3. The Store is subject to a Shopping Center Lease dated May 9, 2000, including subsequent amendments dated August 17, 2000 (First Amendment to Lease), December 7, 2000 (Second Amendment to Lease), and January 13, 2020 (Third Amendment to Lease) (collectively, the "Lease").

4. The Lease was in effect at all relevant times to Plaintiff's Complaint and hereto by and between Michaels as tenant and DDRTC as landlord.

5. At all times material to Plaintiff's Complaint and hereto DDRTC owned and/or controlled or was otherwise in actual or constructive possession and control of that certain parcel or premises which is the subject of Plaintiff's Complaint, including, but not limited to the "exterior stairway behind the Michaels Store" identified in Plaintiff's Complaint.

6. Section 4.1 of the Lease defines, in pertinent part, "Common Areas" as:

> [T]hose parts of the Shopping Center provided by Landlord for the common use of all tenants, including, among other facilities, parking areas, driveways within the Shopping Center and to public roads adjoining the Shopping Center, sidewalks, landscaping, loading areas, private streets and alleys.

7. The location of the Incident alleged by Plaintiff was in a Common Area as defined by the Lease and/or in a portion of the Shopping Center required to be maintained by DDRTC.

8. Sections 4.4 and 6.1 of the Lease required DDRTC, at all relevant times material to Plaintiff's Complaint and hereto, to maintain in good order, inter alia, the Common Areas and the portion of property described in Plaintiff's Complaint where the alleged Incident occurred.

9. Section 9.2 of the Lease further required DDRTC, at its sole cost and expense, to:

take such action as may be necessary or appropriate to cause the Premises at the commencement of the Lease Term, and the Common Areas and other portions of the Shopping Center outside the Premises throughout the entire Lease Term, to comply with all Laws of all Governmental Authorities having jurisdiction over the Shopping Center, including such acts as may be necessary in order to ensure Tenant's enjoyment of the rights and privileges granted to Tenant under this Lease.

10. Section 5.2.2 requires DDRTC to maintain liability insurance to which Michaels must be named as an additional insured as follows:

Landlord will also maintain from and after the date of this Lease and throughout the Lease Term, commercial general liability insurance on an occurrence basis against claims on account of bodily Injury, death or property damage incurred upon any part of the Shopping Center. Such insurance policy will name Tenant as an additional insured, have combined single limits of not less than Five Million and No/100 Dollars ($5,000,000) per occurrence and provide contractual coverage of Landlord's liability to Tenant assumed under the indemnification provisions of Section 5.3 of this Exhibit C and elsewhere under this Lease. The insurance required hereby shall be written by a company authorized to do business in the state of the location of the Premises. Landlord will provide to Tenant a certificate from Landlord's insurer evidencing the coverage required under this Lease.

11. Section 5.3.2 of the Lease states DDRTC's indemnification obligations as follows:

Landlord agrees to Indemnify, defend and hold Tenant and Tenant's shareholders, officers, partners, employees, sublessees, and concessionaires harmless from and against any and all claims, actions, damages, liabilities, and expenses allegedly or actually (i) arising from or out of the use of the Shopping Center outside the Premises or any part thereof or (ii) occasioned by any act of omission of the Landlord or Landlord's employees, agents or contractors, excepting, however, in each case, any claims arising out of the gross negligence (but not the ordinary negligence) or willful misconduct of Tenant or Tenant's employees, agents, contractors, sublessees, or concessionaires.

12. The Incident did not occur due to any negligence or willful misconduct by Michaels, or its employees, agents, contractors, sublessees, or concessionaires.

## COUNT I
### CONTRACTUAL INDEMNIFICATION

13. Michaels incorporates Paragraphs 1 through 12 above, by reference, as if fully set forth herein.

14. The Lease requires DDRTC to indemnify, defend, and hold Michaels harmless from the claims, damages, liabilities, and expenses alleged in Plaintiff's Complaint.

15. Michaels, through its claim's administrator, sent a demand for indemnification and defense to DDRTC in a letter dated September 19, 2022.

16. DDRTC has, heretofore, failed to respond to Michaels demand for indemnification and defense and has heretofore failed to assume defense of the instant action filed by Plaintiff on behalf of Michaels and has otherwise failed to abide by the terms of the indemnification provision as provided in the Lease. Michaels, consequently, has been required to maintain its own legal counsel, including paying all associated costs and fees.

17. By failing to assume the cost of Micaels legal representation as required by the Lease's indemnity provision, DDRTC has breached the Lease. As a result, DDRTC is liable to Michaels for all legal costs incurred by Michaels in defense of the instant suit.

18. While Michaels denies any and all liability for Plaintiff's damages, in the event that Michaels is adjudged liable to Plaintiff, or if Michaels pays any sum to discharge its liability to Plaintiff, then DDRTC must indemnify (and hold harmless) Michaels for any such judgment or payments, as well as attorney fees and costs of defense.

WHEREFORE, Michaels demands judgment against DDRTC for all or a contributable portion of any sums which may be awarded or paid to Plaintiff against or by Michaels, for attorney fees, costs, interest and/or for such other and further relief as this Court deems just and proper.

### COUNT II
### EQUITABLE/TORT/COMMON LAW INDEMNIFICATION

19. Michaels incorporates Paragraphs 1 through 18 above, by reference, as if fully set forth herein.

20. Michaels has not been given any authority under any governing body to regulate, enforce or implement any maintenance obligations with respect to the area of the alleged Incident. While Michaels denies the existence of any actionable claim relating to the portion of property where the alleged Incident occurred, the damages sustained by Plaintiff, in any, are the direct and proximate result of, or at least a proximate contributing result of, the negligence and/or fault of DDRTC.

21. The duty of DDRTC to indemnify Michaels is implied by law to prevent an unjust, unfair and unsatisfactory result, which would result if Michaels had to bear a loss caused by the actions or inactions on the part of DDRTC who would be unjustly enriched at the expense of Michaels if Michaels discharges liability that should be DDRTC's responsibility to pay.

22. Michaels denies any and all liability for Plaintiff's damages. However, in the event that Michaels is adjudged liable to Plaintiff, or if Michaels pay any sum to discharge its liability to Plaintiff, then equity requires the obligation to be discharged by DDRTC who must indemnify (and hold harmless) Michaels for any such judgment or payments, as well as attorney fees and costs of defense.

23. In the event that Plaintiff is entitled to recover against Michaels by way of settlement, verdict, judgment, compromise or otherwise, Michaels is entitled to judgment by way of contribution and/or indemnity from DDRTC for its negligence, active negligence, fault or other liability relating to the allegations in this case.

WHEREFORE Michaels demands judgment against DDRTC for all or a contributable portion of any sums which may be awarded or paid to Plaintiff against or by Michaels, for attorney fees, costs, interest and/or for such other and further relief as this Court deems just and proper.

## COUNT III
### CONTRIBUTION

24. Michaels incorporates Paragraphs 1 through 23 above, by reference, as if fully set forth herein.

25. The damages sustained by Plaintiff, if any, are the direct and proximate result of, or at least a proximate contributing result of, the negligence and/or fault of DDRTC.

26. Michaels is entitled to contribution and/or indemnity, as may be appropriate from DDRTC for all or any portion of the sums for which Michaels may be adjudged liable to Plaintiff herein.

27. In the event that Plaintiff is entitled to recover against Michaels by way of settlement, verdict, judgment, compromise or otherwise, Michaels is entitled to judgment by way of contribution and/or indemnity from DDRTC for its negligence, fault or other liability relating to the allegations in this case.

WHEREFORE, Michales hereby demands a judgment against DDRTC by way of contribution and/or indemnity, and as may be appropriate, for all or any portion of the sums for which Michaels may be adjudged liable to the Plaintiff herein, together with costs and disbursements and any other relief the Court deems just and equitable.

## COUNT IV
### BREACH OF CONTRACT

28. Michaels incorporates Paragraphs 1 through 27 above, by reference, as if fully set forth herein.

29. Pursuant to Section 5.3.2 of the Lease DDRTC was to indemnify, defend, and hold Michaels harmless from the claims, damages, liabilities, and expenses alleged in Plaintiff's Complaint.

30. Pursuant to Sections 5.2.1 and 5.2.2 of the Leas, DDRTC was required to pay for and maintain in full force and effect certain policies of insurance identified in the Lease.

31. Additionally, pursuant to Section 5.2.2 of the Lease, DDRTC was required to name Michaels as an additional insured and to provide Michaels with a certificate of insurance evidencing such coverage.

32. Section 17.19 of the Lease provides, in pertinent part, as follows:

> if Landlord fails or refuses to maintain in effect any insurance policy required by Section 5.2.1 or 5.2.2 of this Exhibit C. and Tenant suffers a loss which would have been covered by any such policy, Landlord shall pay to, and remain liable for, an amount equal to the portion of Tenant's loss which would have been covered by such insurance and the execution of any money judgment obtained by Tenant against Landlord for such amount shall not be subject to the restrictions of the first paragraph of this Section 17.19.

33. To the extent DDRTC has failed to indemnify Michaels and assume its defense for the claims alleged in Plaintiff's Complaint, or failed to maintain insurance as required under the Lease, DDRTC has breached its contractual obligations under the Lease.

34. As a result of DDRTC's breach of contract, Michaels has sustained substantial fees and costs in defending Plaintiff's action against it and will continue to incur fees and costs associated with the defense of this matter. As a direct, natural and proximate result of DDRTC's breach of contract, Michaels is entitled to judgment from DDRTC for its breach of contract, negligence, fault, or other liability relating to the allegations in this case.

WHEREFORE Michaels demands judgment against DDRTC for all or a contributable portion of any sums which may be awarded or paid to Plaintiff against or by Michaels, for attorney fees, costs, interest and/or for such other and further relief as this Court deems just and proper.

TRIAL BY JURY DEMANDED

Respectfully submitted,

MICHAELS STORES, INC.

By:     <u>/s/ E. Jason S. Mackey</u>
C. Stephen Setliff (VSB 27882)
Eli Jason S. Mackey (VSB No. 84142)
Mitchell P. Goldstein (VSB 40613)Setliff Law, P.C.
4940 Dominion Boulevard
Glen Allen, VA 23060
Phone: (804) 377-1269
Fax: (804) 377-1289
mgoldstein@setlifflaw.com
ssetliff@setlifflaw.com
*Counsel for Michaels Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April 2025, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys.

<u>/s/ E. Jason S. Mackey</u>