IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARGIT BROWN,**

    **Plaintiff,**

v.                                                      **Civil Action No. 3:24-cv-00704**

**DDRTC CREEKS AT VIRGINIA
CENTER LLC,** *et al.*,

    **Defendants.**

## ORDER

This matter comes before the Court on Plaintiff Margit Brown's Motion to Compel Defendant DDRTC Creeks at Virginia Center LLC to Comply with Local Civil Rule 7.1 (the "Motion"). (ECF No. 12.) In the Motion, Ms. Brown asks the Court to compel Defendant DDRTC Creeks at Virginia Center LLC ("DDRTC") pursuant to Local Civil Rule 7.1 to file "a Disclosure Statement that identifies all members of the underlying LLC companies that comprise its membership." (ECF No. 12, at 1.) DDRTC responded in opposition to the Motion, and Ms. Brown replied. (ECF Nos. 18, 25.)

In her reply, Ms. Brown narrows her request. She explains that in its Opposition, "DDRTC helpfully clarifies its chain of membership", with one remaining ambiguity that is preventing Ms. Brown from confirming with absolute certainty that diversity jurisdiction exists here.[1] (ECF No. 25, at 1, 3.) She writes that "DDRTC appears to" assert that a company in its

---

[1] On October 4, 2024, Defendant Michaels Stores, Inc., joined by all other Defendants, removed this action to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1, at 1, 5.) 28 U.S.C. § 1332 provides, in pertinent part:

membership chain, TREA Retail Property Portfolio 2006 LLC, ("TREA LLC"), has one sole member, "a New York corporation with a principal place of business in New York—Teachers Insurance and Annuity Association of America ('TIAA')." (ECF No. 25, at 1–2 (citing ECF No. 18, at 3).) Ms. Brown asks the Court to grant the Motion "in part and to the extent that Defendant DDRTC is required to serve a supplemental disclosure confirming that TREA LLC's sole member is TIAA." (ECF No. 25, at 3.)

Local Rule 7.1(A) concerns disclosure statements and provides:

> (A) **Nongovernmental Corporations.** A nongovernmental corporation, partnership, trust, or other similar entity that is a party to, or that appears in, an action or proceeding in this Court shall:
>
> > (1) file a statement that:
> >
> > > a. identifies all its parent, subsidiary, or affiliate entities (corporate or otherwise) that have issued stock or debt securities to the public and also identifies any publicly held entity (corporate or otherwise) that owns 10% or more of its stock, and
> > > b. identifies all parties in the partnerships, general or limited, *or owners or members of non-publicly traded entities such as LLCs* or other closely held entities, or
> > >
> > > c. states that there is nothing to report under Local Rule 7.1(A)(1)(a) and (b)[.]

E.D. Va. Local Civil R. 7.1(A) (emphasis added). In short, an LLC "that is a party to, or that appears in, an action or proceeding in this Court" and fails to identify its "owners or members" has violated the Court's Local Rules. E.D. Va. Local Civil R. 7.1(A).

---

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> > (1) citizens of different States[.]

28 U.S.C. § 1332(a)(1).

2

It is axiomatic that "'a federal court always has jurisdiction to determine its own jurisdiction.'" *Appalachian Voices v. United States Dep't of the Interior*, 78 F.4th 71, 76 (4th Cir. 2023 (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To allow this Court to confirm that diversity jurisdiction is properly invoked here, the Court GRANTS the Motion in part. (ECF No. 12.) Within fourteen days of the date of this Order, DDRTC is ORDERED to file a supplemental Disclosure Statement confirming all members of TREA LLC.

It is SO ORDERED.

Date: 4/30/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge